J. L. McENTIRE, J. C. McENTIRE and W. A.
McENTIRE v. Curtis ROBINSON

5-5124                                    449 S. W. 2d 395

Opinion delivered February 2, 1970

APPEAL & ERROR—RULING ON MOTION—DISCRETION OF TRIAL COURT,
    ABUSE OF.—No abuse of discretion was shown by trial court's
    refusal of appellant's motion requesting court's authority for
    appellant to conduct a survey upon appellee's land to confirm
    the boundary established by court's decree and appellee's survey
    since appellee was charged by the decree with responsibility of
    moving his fence to the correct line prior to January 1, 1969,
    since one of the appellants caused iron stakes indicating the
    line established by appellee's survey to be placed in the ground,
    and since appellants made no application to the court until
    two and one-half months after the survey was made and then
    failed to appear or show any cause why their motion should be
    granted.

Appeal from Jefferson Chancery Court, *Joseph Morrison*, Chancellor; affirmed.

*Brockman & Brockman*, for appellants.

*George Howard, Jr.*, for appellee.

JOHN A. FOGLEMAN, Justice. We remanded this case to the chancery court with directions to determine the boundary line dividing lands owned by appellants and those owned by appellee. *McEntire v. Robinson*, 243 Ark. 701, 421 S. W. 2d 877. Pursuant to the mandate, the chancery court entered a decree. It was based upon an agreement between the parties that the line be established 10 feet west of appellee's house and run at a right angle to the north boundary line between the lands of the respective parties. This decree directed that appellee Robinson remove the fence then existing on or before January 1, 1969, and relocate the same on the boundary line fixed by the court pursuant to the agreement of the parties. On February 21, 1969, appellants filed a motion that the court authorize them to have a survey made, at their expense, to verify a survey made by one E. A. Jack Harris at the instance of appellee. The significance of the motion lies in its allegation that appellants and their surveyor should be authorized to enter upon appellee's lands for the purpose of making this survey. Written notice of hearing on this motion at 3:00 p.m. on February 24, 1969, was given appellee by appellants' attorneys. At this hearing, the chancellor denied appellants' motion. This appeal comes from the order of denial.

Appellants' sole point for reversal is that the denial of their motion was an abuse of discretion on the part of the chancellor. We do not agree.

None of the appellants appeared when the motion was called for hearing nor did they subsequently make any appearance or offer any excuse for their non-ap-

pearance. The hearing was not commenced until the court had awaited their appearance for twenty minutes after the hour specified. At the outset, the court called upon appellants' attorney to proceed, as the moving party, to offer evidence in support of the motion. When he did not do so, the chancellor examined appellee, who was subsequently cross-examined by appellants' attorney and examined by his own attorney. Robinson testified that he employed Harris, the County Surveyor of Lincoln County, to survey the line in accordance with the court's decree. The reason he gave for employing this surveyor was that he had been surveying for Mr. McEntire[1] for about 25 years. According to Robinson, when Harris came down to make the survey he sent Harris to get McEntire and his son, and they went along on the survey. He also stated that McEntire furnished iron stakes and had his stepgrandson[2] put them down after the line was run. These were placed in the ground under the direction of McEntire, and Robinson said they were still standing.

Appellant called Mr. John Harris Jones, one of the attorneys for the McEntires, as a witness. Jones testified that he received a call from McEntire and Harris on December 4, 1968, the date Robinson said the survey was made. He talked to both on the same telephone call. He related that he advised McEntire not to try to prevent the survey because Robinson had a right to survey his own boundary.

Since appellee was charged with responsibility of moving his fence to the correct line prior to January 1, 1969, since one of the appellants caused iron stakes indicating the line established by the Harris survey to be placed in the ground, and since appellants made no application to the court until two and one-half months after the survey was made and then failed to appear

[1]We are unable to say which of the appellants was being referred to in this testimony.

[2]This person is also referred to as McEntire's "grandson-in-law."

and show any cause why their motion should be granted, there was no abuse of discretion on the part of the chancellor.

This does not mean that appellants cannot cause whatever survey they desire to be made at their own expense, so long as it is done without trespass on the lands of the appellee, or that the line established by the Harris survey is necessarily correct.

The decree is affirmed.